**UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

DATA SCAPE LIMITED,

        Plaintiff,

    v.

BOX, INC.,

        Defendant.

C.A. No. _6:19-CV-00025___


**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.* in which plaintiff Data Scape Limited ("Plaintiff," "Data Scape") makes the following allegations against defendant Box, Inc. ("Defendant," "Box"):

## PARTIES

1.      Data Scape is a company organized under the laws of Ireland with its office located at Office 115, 4-5 Burton Hall Road, Sandyford, Dublin 18, Ireland.

2.      On information and belief, Defendant Box, Inc. is a Delaware corporation with a principal place of business at 900 Jefferson Ave., Redwood City, CA 94063. Box may be served through its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

## JURISDICTION AND VENUE

3.      This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.      This Court has personal jurisdiction over the defendant in this action because the defendant has committed acts within the Western District of Texas giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over the defendant would not offend traditional notions of fair play and substantial justice.   The defendant, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, offering to sell and selling products and/or services that infringe the asserted patents.

5.      Venue is proper in this district under 28 U.S.C. § 1400(b).  Upon information and belief, Box is registered to do business in Texas. Upon information and belief, Box has transacted business in the Western District of Texas and has committed acts of direct and indirect infringement in this District. Box has a regular and established place of business in Western District of Texas. For example, Box has an office in Austin, Texas.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,720,929

6.      Data Scape is the owner by assignment of United States Patent No. 7,720,929 ("the '929 Patent"), entitled "Communication System And Its Method and Communication Apparatus And Its Method." The '929 Patent was duly and legally issued by the United States Patent and Trademark Office on May 18, 2010. A true and correct copy of the '929 Patent is included as Exhibit A.

7.      Box has offered for sale, sold and/or imported into the United States products and services that infringe the '929 patent, and continues to do so.  By way of

illustrative example, these infringing products and services include, without limitation, Defendant's products and services, *e.g.*, Box services, including Box Platform, Box for Business, Box for Individuals & Teams, Box Sync, Box Drive, and all versions and variations thereof since the issuance of the '929 Patent ("Accused Instrumentalities").

8.      Box has directly infringed and continues to infringe the '929 Patent, for example, by making, selling, offering for sale, and/or importing the Accused Instrumentalities, and through its own use and testing of the Accused Instrumentalities. Box uses the Accused Instrumentalities for its own internal non-testing business purposes, while testing the Accused Instrumentalities, and while providing technical support and repair services for the Accused Instrumentalities to its customers.

9.      For example, the Accused Instrumentalities infringe Claim 1 (as well as other claims) of the '929 Patent. One non-limiting example of the Accused Instrumentalities' infringement is presented below:

10.     The Accused Instrumentalities include "[a] communication system including a first apparatus having a first storage medium, and a second apparatus."  For example, Box communicates data stored on a second apparatus (e.g. Box servers and associated services) to a first apparatus with a first storage medium (e.g. a user's device with the Box desktop app installed).  *See, e.g.*, "Installing Box Sync" *available at* https://community.box.com/t5/Using-Box-Sync/Installing-Box-Sync/ta-p/85 ("Box Sync is a productivity tool that allows you to mirror data stored on Box to your desktop.")

11.     The Accused Instrumentalities include a second apparatus comprising: "a second storage medium configured to store management information of data to be transferred to said first storage medium." For example, Box includes a storage medium (e.g., the various servers and associated services) configured to store management information (e.g., metadata and sync settings for Box Sync, Box Drive) of data to be transferred to the user device. *See* "Install Box Sync for Windows" *available at* https://uit.stanford.edu/service/box/windows_sync.

Box Sync is a utility that you download . It replicates folders within your Box account to your computer. Once you have selected folders through the Box web interface that you would like to replicate, you can create, edit, and delete documents directly through a **Box Sync** folder on your computer using your native applications (such as Microsoft Word or Excel). All changes automatically sync back to your online Box account.





*See also* "Marking Content for Box Sync" *available at*

https://community.box.com/t5/Using-Box-Sync/Marking-Content-for-Box-Sync/ta-p/20360.



12. The Accused Instrumentalities further include a second apparatus comprising "a communicator configured to communicate with said first apparatus." For example, Box provides a communicator (e.g., one that uses SSL/TLS protocols) configured to communicate with the first apparatus (e.g. a user device). As another example, the Accused Instrumentalities disclose that "[B]ox web and API connections, along with applications such as Box Sync and 3rd party apps, use TLS as a key component of their security." *See, e.g.,* "Deprecation: TLS 1.0" available at

https://community.box.com/t5/Box-Product-News/Deprecation-TLS-1-0/ba-p/33026.

Moreover, the Accused Instrumentalities also specifies that "Transport Layer Security" (TLS) "is a protocol that provides privacy and data integrity between two communicating applications. It's the most widely deployed security protocol used today, and is used for web browsers and other applications that require data to be securely exchanged over a network." *See, e.g.*, "Deprecation: TLS 1.0" available at https://community.box.com/t5/Box-Product-News/Deprecation-TLS-1-0/ba-p/33026.

13. The Accused Instrumentalities further include a second apparatus comprising "a detector configured to detect whether said first apparatus and a second apparatus are connected." For example, Box includes a detector configured to determine when the user device is connected.  *See, e.g.*, "Making Content Available Offline" *available at* https://community.box.com/t5/Getting-Started-with-Box-Drive/Making-Content-Available-Offline/ta-p/58822. ("If you or someone else make changes to this content while you're offline, Box Drive automatically uploads the revised content when you are back online so you are always working with the most up-to-date versions of your files.").  *See also* "About Box Drive" *available at* https://community.box.com/t5/Getting-Started-with-Box-Drive/About-Box-Drive/ta-p/53642.

You can also mark content for offline use; Box downloads this content to your device's hard drive so you can work on it without being connected to the Internet.  Drive automatically uploads the changes you made offline the next time you connect.  (Unlike working with online files, marking content for offline use does take up hard drive space.)

14. The Accused Instrumentalities further include a second apparatus comprising "an editor configured to select certain data to be transferred and to edit said management information based on said selection without regard to the connection of said first apparatus." For example, Box includes an editor configured to select certain data to be transferred and to edit the management information (e.g. metadata and sync settings

for Box Sync, Box Drive) based on the selection without regard to the connection of the user device. *See* "Install Box Sync for Windows" *available at* https://uit.stanford.edu/service/box/windows_sync.



*See also* "Marking Content for Box Sync" *available at* https://community.box.com/t5/Using-Box-Sync/Marking-Content-for-Box-Sync/ta-p/20360.

Control the content you that is synced to your local Box Sync folder by marking content in your Box.com account. A folder that is marked for Sync displays a blue check mark icon beside its name.



*See also* "Marking Content Available Offline" *available at*

https://community.box.com/t5/Getting-Started-with-Box-Drive/Making-Content-Available-Offline/ta-p/58822.

With Box Drive's Mark for Offline feature, your Box cloud content is available wherever you are - in a remote office, traveling on a plane, and so on - regardless of internet connectivity. Just select the Box folders you need access to, and Box Drive automatically downloads all of the folder contents to your computer. If you or someone else make changes to this content while you're offline, Box Drive automatically uploads the revised content when you are back online so you are always working with the most up-to-date versions of your files.

     15.    The Accused Instrumentalities further include a second apparatus comprising "a controller configured to control transfer of the selected data stored in said second apparatus to said first apparatus via said communicator based on said management information edited by said editor when said detector detects that said first apparatus and said second apparatus are connected." For example, Box includes a controller configured to control transfer of the selected data stored in the cloud servers to the user device when the user device is connected. *See* "Installing Box Sync" *available at* https://community.box.com/t5/Using-Box-Sync/Installing-Box-Sync/ta-p/85

Box Sync is a productivity tool that allows you to mirror data stored on Box to your desktop. You can then navigate and modify content stored on the Box website through your computer's native file browsing interface, without using a web browser. Content that syncs down to your computer is available for offline access, and if you make changes to the synced files locally, these changes automatically sync back up to your Box account.

*See also* "Install Box Sync for Windows" *available at* https://uit.stanford.edu/service/

box/windows_sync.

Box Sync is a utility that you download . It replicates folders within your Box account to your computer. Once you have selected folders through the Box web interface that you would like to replicate, you can create, edit, and delete documents directly through a **Box Sync** folder on your computer using your native applications (such as Microsoft Word or Excel). All changes automatically sync back to your online Box account.



*See also* "Marking Content for Box Sync" *available at*

https://community.box.com/t5/Using-Box-Sync/Marking-Content-for-Box-Sync/ta-

p/20360.

Control the content you that is synced to your local Box Sync folder by marking content in your Box.com account. A folder that is marked for Sync displays a blue check mark icon beside its name.



*See also* "Marking Content Available Offline" *available at*

https://community.box.com/t5/Getting-Started-with-Box-Drive/Making-Content-

Available-Offline/ta-p/58822.

> With Box Drive's Mark for Offline feature, your Box cloud content is available wherever you are - in a remote office, traveling on a plane, and so on - regardless of internet connectivity. Just select the Box folders you need access to, and Box Drive automatically downloads all of the folder contents to your computer. If you or someone else make changes to this content while you're offline, Box Drive automatically uploads the revised content when you are back online so you are always working with the most up-to-date versions of your files.

      16.     The Accused Instrumentalities further include a second apparatus wherein said controller is configured to compare said management information edited by said editor with management information of data stored in said first storage medium and to transmit data in said second apparatus based on result of the comparison." For example, Box includes a controller configured to compare the management information edited by the editor with management information of data stored in the user device, and transmits data in the various servers of Box based on the result of the comparison. *See* "Install Box Sync for Windows" *available at* https://uit.stanford.edu/service/box/windows_sync.

> Box Sync is a utility that you download . It replicates folders within your Box account to your computer. Once you have selected folders through the Box web interface that you would like to replicate, you can create, edit, and delete documents directly through a **Box Sync** folder on your computer using your native applications (such as Microsoft Word or Excel). All changes automatically sync back to your online Box account.



3. A banner message briefly displays when the sync is complete.



*See also* "Marking Content for Box Sync" *available at*
https://community.box.com/t5/Using-Box-Sync/Marking-Content-for-Box-Sync/ta-p/20360.



*See also* "Marking Content Available Offline" *available at*
https://community.box.com/t5/Getting-Started-with-Box-Drive/Making-Content-Available-Offline/ta-p/58822.

**Collaborating with another person?**

Box uploads changes as they're saved. However, collaborators cannot see each others' revisions in real-time -- that is, not until after each of you have saved and exited the file and Box Drive syncs all changes. This is true regardless of whether you are working while connected or offline. However, in this case the possibility exists for two collaborators to save conflicting changes on the same file. By way of illustration: if you go back online first, Box uploads and saves your revised file as a new version. When your collaborator goes back online, Box uploads her revised file, but saves it as a separate version. If necessary, you both must then decide which revision to keep and which to discard.

17.     Box has had knowledge of the '929 Patent and its infringement since at least the filing of the original Complaint in this action, or shortly thereafter, including by way of this lawsuit. By the time of trial, Box will have known and intended (since receiving such notice) that its continued actions would actively induce and contribute to the infringement of the claims of the '929 Patent.

18.     Box's affirmative acts of making, using, selling, offering for sale, and/or importing the Accused Instrumentalities have induced and continue to induce users of the Accused Instrumentalities to use the Accused Instrumentalities in their normal and customary way to infringe the claims of the '929 Patent. Use of the Accused Instrumentalities in their ordinary and customary fashion results in infringement of the claims of the '929 Patent.

19.     For example, Box explains to customers the benefits of using the Accused Instrumentalities, such as by touting their advantages of saving space on hard drives and maintaining access to stored files without using hard drive space in the case of the Box feature named "Box Sync" or "Box Drive." (e.g., "Access billions of files from the comfort of your desktop without needing to take up much of your actual hard drive space. Work with these files in the cloud just as if they were on your desktop through your Apple Mac Finder or your Windows Explorer." *See* "About Box Drive" *available at* https://community.box.com/t5/Getting-Started-with-Box-Drive/About-Box-Drive/ta-p/53642). Box also induces its customers to use the Accused Instrumentalities to infringe other claims of the '929 Patent. Box specifically intended and was aware that the normal and customary use of the Accused Instrumentalities on compatible systems would infringe the '929 Patent. Box performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '929 Patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement. On information and belief, Box is engaged in such inducement to promote the sales of the Accused Instrumentalities, *e.g.,* through its user manuals, product support, marketing materials, demonstrations, installation support, and training materials to actively induce the users of the accused products to infringe the '929 Patent. Accordingly, Box has induced and continues to induce end users of the accused products to use the accused products in their ordinary and customary way with compatible systems to make and/or use systems infringing the '929 Patent, knowing that such use of the Accused Instrumentalities with compatible systems will result in infringement of the '929 Patent. Accordingly, Box has been (since at least as of filing of the original complaint),

and currently is, inducing infringement of the '929 Patent, in violation of 35 U.S.C. § 271(b).

20.     Box has also infringed, and continues to infringe, claims of the '929 Patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Instrumentalities, which are used in practicing the process, or using the systems, of the '929 Patent, and constitute a material part of the invention. Defendant knows the components in the Accused Instrumentalities to be especially made or especially adapted for use in infringement of the '929 Patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. For example, the ordinary way of using the Accused Instrumentalities infringes the patent claims, and as such, is especially adapted for use in infringement. Accordingly, Box has been, and currently is, contributorily infringing the '929 Patent, in violation of 35 U.S.C. § 271(c).

21.     For similar reasons, Box also infringes the '929 Patent by supplying or causing to be supplied in or from the United States all or a substantial portion of the components of the Accused Instrumentalities, where such components are uncombined in whole or in part, in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the '929 Patent if such combination occurred within the United States. For example, Box supplies or causes to be supplied in or from the United States all or a substantial portion of the hardware (e.g., storage and metadata servers) and software (e.g., Box Sync and Box Drive software) components of the Accused Instrumentalities in such a manner as to actively induce the combination of such components (e.g., by instructing users to rely on

14

multiple servers that save redundant copies of metadata and content in a typical Box system) outside of the United States.

22.     Box also indirectly infringes the '929 Patent by supplying or causing to be supplied in or from the United States components of the Accused Instrumentalities that are especially made or especially adapted for use in infringing the '929 Patent and are not a staple article or commodity of commerce suitable for substantial non-infringing use, and where such components are uncombined in whole or in part, knowing that such components are so made or adapted and intending that such components are combined outside of the United States in a manner that would infringe the '929 Patent if such combination occurred within the United States. Because the Accused Instrumentalities are designed to operate as the claimed system and apparatus, the Accused Instrumentalities have no substantial non-infringing uses, and any other uses would be unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental. For example, Box supplies or causes to be supplied in or from the United States all or a substantial portion of the hardware (e.g., storage and metadata servers) and software (e.g., Box Sync and Box Drive software) components that are especially made or especially adapted for use in the Accused Instrumentalities, where such hardware and software components are not staple articles or commodities of commerce suitable for substantial noninfringing use, knowing that such components are so made or adapted and intending that such components are combined outside of the United States, as evidenced by Box's own actions or instructions to users, and enabling and configuring the infringing functionalities of the Accused Instrumentalities.

23.     As a result of Defendant's infringement of the '929 Patent, Plaintiff Data Scape is entitled to monetary damages in an amount adequate to compensate for Box's infringement, but in no event less than a reasonable royalty for the use made of the invention by Box, together with interest and costs as fixed by the Court.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 7,617,537

24.     Plaintiff realleges and incorporates by reference the foregoing paragraphs, as if fully set forth herein.

25.     Data Scape is the owner by assignment of United States Patent No. 7,617,537 ("the '537 Patent"), entitled "Communication System And Its Method and Communication Apparatus And Its Method." The '537 Patent was duly and legally issued by the United States Patent and Trademark Office on November 10, 2009. A true and correct copy of the '537 Patent is included as Exhibit B.

26.     Box has offered for sale, sold and/or imported into the United States products and services that infringe the '537 patent, and continues to do so.  By way of illustrative example, these infringing products and services include, without limitation, Defendant's products and services, *e.g.*, Box services, including Box Platform, Box for Business, Box for Individuals & Teams, Box Sync, Box Drive, and all versions and variations thereof since the issuance of the '537 Patent ("Accused Instrumentalities").

27.     Box has directly infringed and continues to infringe the '537 Patent, for example, by making, selling, offering for sale, and/or importing the Accused Instrumentalities, and through its own use and testing of the Accused Instrumentalities. Box uses the Accused Instrumentalities for its own internal non-testing business purposes,

16

while testing the Accused Instrumentalities, and while providing technical support and repair services for the Accused Instrumentalities to its customers.

28.     For example, the Accused Instrumentalities infringe Claim 1 (as well as other claims) of the '537 Patent. One non-limiting example of the Accused Instrumentalities' infringement is presented below:

29.     The Accused Instrumentalities perform a communication method to transfer content data from a first apparatus to a second apparatus. For example, the Accused Instrumentalities communicate and transfer a file or folder stored on one device (e.g. a Box storage server) to another device (e.g. a user device with the Box desktop app installed). *See* "Installing Box Sync" *available at* https://community.box.com/t5/Using-Box-Sync/Installing-Box-Sync/ta-p/85

> Box Sync is a productivity tool that allows you to mirror data stored on Box to your desktop. You can then navigate and modify content stored on the Box website through your computer's native file browsing interface, without using a web browser. Content that syncs down to your computer is available for offline access, and if you make changes to the synced files locally, these changes automatically sync back up to your Box account.

See also "Install Box Sync for Windows" available at

https://uit.stanford.edu/service/box/windows_sync.

> Box Sync is a utility that you download . It replicates folders within your Box account to your computer. Once you have selected folders through the Box web interface that you would like to replicate, you can create, edit, and delete documents directly through a **Box Sync** folder on your computer using your native applications (such as Microsoft Word or Excel). All changes automatically sync back to your online Box account.



30.     The Accused Instrumentalities perform a communication method to transfer content data from a first apparatus to a second apparatus further comprising "judging whether said first apparatus and said second apparatus are connected."   For example, Box will update only linked devices when files are added, changed, or deleted. *See, e.g.*, "Making Content Available Offline" *available at* https://community.box.com/t5/Getting-Started-with-Box-Drive/Making-Content-Available-Offline/ta-p/58822. ("If you or someone else make changes to this content while you're offline, Box Drive automatically uploads the revised content when you are back online so you are always working with the most up-to-date versions of your files.") *See also* "About Box Drive" *available at* https://community.box.com/t5/Getting-Started-with-Box-Drive/About-Box-Drive/ta-p/53642.

You can also mark content for offline use; Box downloads this content to your device's hard drive so you can work on it without being connected to the Internet.  Drive automatically uploads the changes you made offline the next time you connect.  (Unlike working with online files, marking content for offline use does take up hard drive space.)

18

31.     The Accused Instrumentalities perform a communication method to transfer content data from a first apparatus to a second apparatus further comprising "comparing, upon judging that said first apparatus and said second apparatus are connected, an identifier of said first apparatus with an identifier stored in said second apparatus."   For example, Box provides for different Box Sync settings on different devices, which means different devices differentiate themselves with the Box through identifiers.  *See* "Update Folder" *available at* https://developer.box.com/reference#copy-a-folder

| **id** `string` | The ID of the user (should be your own user ID) |
|---|---|

*See also* "Marking Content Available Offline" *available at* https://community.box.com/t5/Getting-Started-with-Box-Drive/Making-Content-Available-Offline/ta-p/58822.

**Collaborating with another person?**

Box uploads changes as they're saved.  However, collaborators cannot see each others' revisions in real-time -- that is, not until after each of you have saved and exited the file and Box Drive syncs all changes.  This is true regardless of whether you are working while connected or offline.  However, in this case the possibility exists for two collaborators to save conflicting changes on the same file.  By way of illustration: if you go back online first, Box uploads and saves your revised file as a new version. When your collaborator goes back online, Box uploads her revised file, but saves it as a separate version. If necessary, you both must then decide which revision to keep and which to discard.

*See also* "Device Pinning Settings" *available at* https://community.box.com/t5/How-to-Guides-for-Admins/Device-Pinning-Settings/ta-p/172

Device pinning allows enterprise admins to associate their users' corporate-managed Box accounts to a particular mobile device or Box Sync client. A user who uninstalls Box from a pinned device cannot reinstall it on a new device (past the device number limit). Admins have access to a dashboard in the admin console for managing the following:

32.     The Accused Instrumentalities perform a communication method to transfer content data from a first apparatus to a second apparatus further comprising "comparing, when said identifier of said first apparatus corresponds to said identifier

stored in second apparatus, a first list of content data of said first apparatus and a second list of content data of said second apparatus." For example, the Accused Instrumentalities synchronize changes between files stored in a storage server and files on a linked device. *See* "Installing Box Sync" *available at* https://community.box.com/t5/Using-Box-Sync/Installing-Box-Sync/ta-p/85

> Box Sync is a productivity tool that allows you to mirror data stored on Box to your desktop. You can then navigate and modify content stored on the Box website through your computer's native file browsing interface, without using a web browser. Content that syncs down to your computer is available for offline access, and if you make changes to the synced files locally, these changes automatically sync back up to your Box account.

*See also* "Marking Content Available Offline" *available at*

https://community.box.com/t5/Getting-Started-with-Box-Drive/Making-Content-Available-Offline/ta-p/58822.

> With Box Drive's Mark for Offline feature, your Box cloud content is available wherever you are - in a remote office, traveling on a plane, and so on - regardless of internet connectivity. Just select the Box folders you need access to, and Box Drive automatically downloads all of the folder contents to your computer. If you or someone else make changes to this content while you're offline, Box Drive automatically uploads the revised content when you are back online so you are always working with the most up-to-date versions of your files.

See also "Install Box Sync for Windows" available at

https://uit.stanford.edu/service/box/windows_sync.

> Box Sync is a utility that you download . It replicates folders within your Box account to your computer. Once you have selected folders through the Box web interface that you would like to replicate, you can create, edit, and delete documents directly through a **Box Sync** folder on your computer using your native applications (such as Microsoft Word or Excel). All changes automatically sync back to your online Box account.



33.   The Accused Instrumentalities perform a communication method to transfer content data from a first apparatus to a second apparatus further comprising transferring, from the second apparatus to the first apparatus, first content data, which is registered in said second list and is not registered in said first list.  For example, Box, upon determining that a linked device does not have a newly added or modified file, will update the linked device with the newly added or modified file.  *See also* "Marking Content Available Offline" *available at* https://community.box.com/t5/Getting-Started-with-Box-Drive/Making-Content-Available-Offline/ta-p/58822.

With Box Drive's Mark for Offline feature, your Box cloud content is available wherever you are - in a remote office, traveling on a plane, and so on - regardless of internet connectivity. Just select the Box folders you need access to, and Box Drive automatically downloads all of the folder contents to your computer. If you or someone else make changes to this content while you're offline, Box Drive automatically uploads the revised content when you are back online so you are always working with the most up-to-date versions of your files.

*See also* "Marking Content Available Offline" *available at* https://community.box.com/t5/Getting-Started-with-Box-Drive/Making-Content-Available-Offline/ta-p/58822.

**Collaborating with another person?**

Box uploads changes as they're saved. However, collaborators cannot see each others' revisions in real-time -- that is, not until after each of you have saved and exited the file and Box Drive syncs all changes. This is true regardless of whether you are working while connected or offline. However, in this case the possibility exists for two collaborators to save conflicting changes on the same file. By way of illustration: if you go back online first, Box uploads and saves your revised file as a new version. When your collaborator goes back online, Box uploads her revised file, but saves it as a separate version. If necessary, you both must then decide which revision to keep and which to discard.

34.     The Accused Instrumentalities perform a communication method to transfer content data from a first apparatus to a second apparatus further comprising deleting, from the first apparatus, second content data, which registered in said first list and is not registered in the second list. For example, Box, upon determining that a linked device contains a file that was deleted in a recent synchronization, will update the linked device by deleting the file from the linked device as well. *See* "Delete Files or Folders" *available at* https://community.box.com/t5/Managing-Files-and-Folders/Delete-Files-nbsp-or-nbsp-Folders/ta-p/50464.

To **delete** a file or a folder:

- Right-click (or click the ellipses (...)) on a file/folder and select **Trash**. Alternatively, you can click next to the file/folder name to select it, then click the **Trash** button in the upper-right.
- The item will be moved to your **Trash** folder. You can undo the delete action by clicking the **Undo** button in the confirmation message displayed.



*See also* "Marking Content Available Offline" *available at* https://community.box.com/t5/Getting-Started-with-Box-Drive/Making-Content-Available-Offline/ta-p/58822.

**Collaborating with another person?**

Box uploads changes as they're saved. However, collaborators cannot see each others' revisions in real-time -- that is, not until after each of you have saved and exited the file and Box Drive syncs all changes. This is true regardless of whether you are working while connected or offline. However, in this case the possibility exists for two collaborators to save conflicting changes on the same file. By way of illustration: if you go back online first, Box uploads and saves your revised file as a new version. When your collaborator goes back online, Box uploads her revised file, but saves it as a separate version. If necessary, you both must then decide which revision to keep and which to discard.

35.     Box has had knowledge of the '537 Patent and its infringement since at least the filing of the original Complaint in this action, or shortly thereafter, including by way of this lawsuit. By the time of trial, Box will have known and intended (since receiving such notice) that its continued actions would actively induce and contribute to the infringement of the claims of the '537 Patent.

36.     Box's affirmative acts of making, using, selling, offering for sale, and/or importing the Accused Instrumentalities have induced and continue to induce users of the Accused Instrumentalities to use the Accused Instrumentalities in their normal and customary way to infringe the claims of the '537 Patent. Use of the Accused Instrumentalities in their ordinary and customary fashion results in infringement of the claims of the '537 Patent.

37.     For example, Box explains to customers the benefits of using the Accused Instrumentalities, such as by touting their advantages of replicating data among multiple devices. Box also induces its customers to use the Accused Instrumentalities to infringe other claims of the '537 Patent. Box specifically intended and was aware that the normal and customary use of the Accused Instrumentalities on compatible systems would

infringe the '537 Patent. Box performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '537 Patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement.  On information and belief, Box is engaged in such inducement to promote the sales of the Accused Instrumentalities, *e.g.,* through its user manuals, product support, marketing materials, demonstrations, installation support, and training materials to actively induce the users of the accused products to infringe the '537 Patent. Accordingly, Box has induced and continues to induce end users of the accused products to use the accused products in their ordinary and customary way with compatible systems to make and/or use systems infringing the '537 Patent, knowing that such use of the Accused Instrumentalities with compatible systems will result in infringement of the '537 Patent. Accordingly, Box has been (since at least as of filing of the original complaint), and currently is, inducing infringement of the '537 Patent, in violation of 35 U.S.C. § 271(b).

38.     Box has also infringed, and continues to infringe, claims of the '537 Patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Instrumentalities, which are used in practicing the process, or using the systems, of the '537 Patent, and constitute a material part of the invention. Defendant knows the components in the Accused Instrumentalities to be especially made or especially adapted for use in infringement of the '537 Patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. For example, the ordinary way of using the Accused Instrumentalities infringes the patent claims, and

as such, is especially adapted for use in infringement. Accordingly, Box has been, and currently is, contributorily infringing the '537 Patent, in violation of 35 U.S.C. § 271(c).

39.     For similar reasons, Box also infringes the '537 Patent by supplying or causing to be supplied in or from the United States all or a substantial portion of the components of the Accused Instrumentalities, where such components are uncombined in whole or in part, in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the '537 Patent if such combination occurred within the United States. For example, Box supplies or causes to be supplied in or from the United States all or a substantial portion of the hardware (e.g., storage and metadata servers) and software (e.g., Box Sync, Box Drive software) components of the Accused Instrumentalities in such a manner as to actively induce the combination of such components (e.g., by instructing users to rely on multiple servers that save redundant copies of metadata and content in a typical Box system) outside of the United States.

40.     Box also indirectly infringes the '537 Patent by supplying or causing to be supplied in or from the United States components of the Accused Instrumentalities that are especially made or especially adapted for use in infringing the '537 Patent and are not a staple article or commodity of commerce suitable for substantial non-infringing use, and where such components are uncombined in whole or in part, knowing that such components are so made or adapted and intending that such components are combined outside of the United States in a manner that would infringe the '537 Patent if such combination occurred within the United States. Because the Accused Instrumentalities are designed to operate as the claimed system and apparatus, the Accused

Instrumentalities have no substantial non-infringing uses, and any other uses would be unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental. For example, Box supplies or causes to be supplied in or from the United States all or a substantial portion of the hardware (e.g., separate storage and metadata servers) and software (e.g., Box Sync, Box Drive software) components that are especially made or especially adapted for use in the Accused Instrumentalities, where such hardware and software components are not staple articles or commodities of commerce suitable for substantial noninfringing use, knowing that such components are so made or adapted and intending that such components are combined outside of the United States, as evidenced by Box's own actions or instructions to users, and enabling and configuring the infringing functionalities of the Accused Instrumentalities.

41.     As a result of Defendant's infringement of the '537 Patent, Plaintiff Data Scape is entitled to monetary damages in an amount adequate to compensate for Box's infringement, but in no event less than a reasonable royalty for the use made of the invention by Box, together with interest and costs as fixed by the Court.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 8,386,581

42.     Data Scape is the owner by assignment of United States Patent No. 8,386,581 ("the '581 Patent"), entitled "Communication System And Its Method and Communication Apparatus And Its Method." The '581 Patent was duly and legally issued by the United States Patent and Trademark Office on February 26, 2013. A true and correct copy of the '581 Patent is included as Exhibit C.

26

43.     Box has offered for sale, sold and/or imported into the United States products and services that infringe the '581 patent, and continues to do so.  By way of illustrative example, these infringing products and services include, without limitation, Defendant's products and services, *e.g.*, Box services, including Box Platform, Box for Business, Box for Individuals & Teams, Box Sync, Box Drive, and all versions and variations thereof since the issuance of the '581 Patent ("Accused Instrumentalities").

44.     Box has directly infringed and continues to infringe the '581 Patent, for example, by making, selling, offering for sale, and/or importing the Accused Instrumentalities, and through its own use and testing of the Accused Instrumentalities. Box uses the Accused Instrumentalities for its own internal non-testing business purposes, while testing the Accused Instrumentalities, and while providing technical support for the Accused Instrumentalities to its customers.

45.     For example, the Accused Instrumentalities infringe Claim 1 (as well as other claims) of the '581 Patent. One non-limiting example of the Accused Instrumentalities' infringement is presented below:

46.     The Accused Instrumentalities include "[a] communication apparatus." For example, the Accused Instrumentalities communicate data stored on one device (e.g. a Box storage server) to another device (e.g. a user device with the Box desktop app installed).

*See, e.g.*, "Installing Box Sync" *available at* https://community.box.com/t5/Using-Box-Sync/Installing-Box-Sync/ta-p/85 ("Box Sync is a productivity tool that allows you to mirror data stored on Box to your desktop.")

47.     The Accused Instrumentalities include a communication apparatus comprising "a storage unit configured to store content data to a storage medium." For example, Box includes a storage unit configured to store content data (e.g. files) to a storage medium (e.g. Storage Servers).   *See* "Installing Box Sync" *available at* https://community.box.com/t5/Using-Box-Sync/Installing-Box-Sync/ta-p/85.

Box Sync is a productivity tool that allows you to mirror data stored on Box to your desktop. You can then navigate and modify content stored on the Box website through your computer's native file browsing interface, without using a web browser. Content that syncs down to your computer is available for offline access, and if you make changes to the synced files locally, these changes automatically sync back up to your Box account.

48.     The Accused Instrumentalities further include "a communication unit configured to communicate with an external apparatus." For example, Box provides a communication unit (e.g. a unit that makes use of SSL/TLS) configured to communicate with an external apparatus (e.g. a user device).   As another example, the Accused Instrumentalities disclose that "[B]ox web and API connections, along with applications such as Box Sync and 3rd party apps, use TLS as a key component of their security."   *See,   e.g.*,   "Deprecation:   TLS   1.0"   available   at https://community.box.com/t5/Box-Product-News/Deprecation-TLS-1-0/ba-p/33026. Moreover, the Accused Instrumentalities also specifies that "Transport Layer Security" (TLS) "is a protocol that provides privacy and data integrity between two communicating applications. It's the most widely deployed security protocol used today, and is used for web browsers and other applications that require data to be securely exchanged over a network."         *See,   e.g.*,   "Deprecation:   TLS   1.0"   available   at https://community.box.com/t5/Box-Product-News/Deprecation-TLS-1-0/ba-p/33026.

49.     The Accused Instrumentalities further include a communication apparatus comprising "a controller configured to edit a list so that content data is registered in the

list." For example, Box provides a controller configured to edit a list (e.g. a list of files or folders in a particular account) so that content data (e.g. files or folders) is registered in the list. *See* "Install Box Sync for Windows" *available at* https://uit.stanford.edu/service/box/windows_sync.



*See also* "Marking Content for Box Sync" *available at* https://community.box.com/t5/Using-Box-Sync/Marking-Content-for-Box-Sync/ta-p/20360.

Control the content you that is synced to your local Box Sync folder by marking content in your Box.com account. A folder that is marked for Sync displays a blue check mark icon beside its name.



*See also* "Marking Content Available Offline" *available at*

https://community.box.com/t5/Getting-Started-with-Box-Drive/Making-Content-Available-Offline/ta-p/58822.

With Box Drive's Mark for Offline feature, your Box cloud content is available wherever you are - in a remote office, traveling on a plane, and so on - regardless of internet connectivity. Just select the Box folders you need access to, and Box Drive automatically downloads all of the folder contents to your computer. If you or someone else make changes to this content while you're offline, Box Drive automatically uploads the revised content when you are back online so you are always working with the most up-to-date versions of your files.

     50.    The Accused Instrumentalities further include a communication apparatus comprising a controller configured "to uniquely associate the list with the external apparatus using a unique identification of the external apparatus." For example, Box includes a controller configured to uniquely associate the list with the external apparatus using a unique identification of the external apparatus. *See* "Update Folder" *available at* https://developer.box.com/reference#copy-a-folder

**id**   *string*                        The ID of the user (should be your own user ID)

*See also* "Marking Content Available Offline" *available at* https://community.box.com/t5/Getting-Started-with-Box-Drive/Making-Content-Available-Offline/ta-p/58822.

**Collaborating with another person?**

Box uploads changes as they're saved.  However, collaborators cannot see each others' revisions in real-time -- that is, not until after each of you have saved and exited the file and Box Drive syncs all changes.  This is true regardless of whether you are working while connected or offline,  However, in this case the possibility exists for two collaborators to save conflicting changes on the same file.  By way of illustration: if you go back online first, Box uploads and saves your revised file as a new version. When your collaborator goes back online, Box uploads her revised file, but saves it as a separate version. If necessary, you both must then decide which revision to keep and which to discard.

*See also* "Device Pinning Settings" *available at* https://community.box.com/t5/How-to-Guides-for-Admins/Device-Pinning-Settings/ta-p/172

Device pinning allows enterprise admins to associate their users' corporate-managed Box accounts to a particular mobile device or Box Sync client. A user who uninstalls Box from a pinned device cannot reinstall it on a new device (past the device number limit). Admins have access to a dashboard in the admin console for managing the following:

*See* "Install Box Sync for Windows" *available at*

https://uit.stanford.edu/service/box/windows_sync.

Box Sync is a utility that you download . It replicates folders within your Box account to your computer. Once you have selected folders through the Box web interface that you would like to replicate, you can create, edit, and delete documents directly through a **Box Sync** folder on your computer using your native applications (such as Microsoft Word or Excel). All changes automatically sync back to your online Box account.



*See also* "Install Box Sync for Windows" *available at*
https://uit.stanford.edu/service/box/windows_sync.



51.     The Accused Instrumentalities further include a communication apparatus comprising a controller configured "to extract the list associated with the external apparatus from a plurality of lists in the communication apparatus when the external apparatus is connected to the communication apparatus." For example, Box includes a controller configured to extract the list (e.g. when updating linked devices when files are added, changed, or deleted) associated with the external apparatus (e.g. user device) from a plurality of lists in the communication apparatus when the external apparatus is connected to the communication apparatus.   *See* "Install Box Sync for Windows" *available at* https://uit.stanford.edu/service/box/windows_sync.

Box Sync is a utility that you download . It replicates folders within your Box account to your computer. Once you have selected folders through the Box web interface that you would like to replicate, you can create, edit, and delete documents directly through a **Box Sync** folder on your computer using your native applications (such as Microsoft Word or Excel). All changes automatically sync back to your online Box account.



*See also* "Marking Content Available Offline" *available at*

https://community.box.com/t5/Getting-Started-with-Box-Drive/Making-Content-Available-Offline/ta-p/58822.

With Box Drive's Mark for Offline feature, your Box cloud content is available wherever you are - in a remote office, traveling on a plane, and so on - regardless of internet connectivity. Just select the Box folders you need access to, and Box Drive automatically downloads all of the folder contents to your computer. If you or someone else make changes to this content while you're offline, Box Drive automatically uploads the revised content when you are back online so you are always working with the most up-to-date versions of your files.

*See also* "Marking Content Available Offline" *available at*

https://community.box.com/t5/Getting-Started-with-Box-Drive/Making-Content-Available-Offline/ta-p/58822.

**Collaborating with another person?**

Box uploads changes as they're saved. However, collaborators cannot see each others' revisions in real-time -- that is, not until after each of you have saved and exited the file and Box Drive syncs all changes. This is true regardless of whether you are working while connected or offline. However, in this case the possibility exists for two collaborators to save conflicting changes on the same file. By way of illustration: if you go back online first, Box uploads and saves your revised file as a new version. When your collaborator goes back online, Box uploads her revised file, but saves it as a separate version. If necessary, you both must then decide which revision to keep and which to discard.

52.     The Accused Instrumentalities further include a communication apparatus comprising a controller configured "to control transferring of content data registered in the extracted list to the external apparatus."   For example, Box includes a controller configured to control transferring of content data registered in the extracted list to the external apparatus (e.g. linked user device).   *See* "Installing Box Sync" *available at* https://community.box.com/t5/Using-Box-Sync/Installing-Box-Sync/ta-p/85

Box Sync is a productivity tool that allows you to mirror data stored on Box to your desktop. You can then navigate and modify content stored on the Box website through your computer's native file browsing interface, without using a web browser. Content that syncs down to your computer is available for offline access, and if you make changes to the synced files locally, these changes automatically sync back up to your Box account.

*See also* "Install Box Sync for Windows" *available at* https://uit.stanford.edu/service/box/windows_sync.

Box Sync is a utility that you download . It replicates folders within your Box account to your computer. Once you have selected folders through the Box web interface that you would like to replicate, you can create, edit, and delete documents directly through a **Box Sync** folder on your computer using your native applications (such as Microsoft Word or Excel). All changes automatically sync back to your online Box account.



*See also* "Marking Content for Box Sync" *available at*

[https://community.box.com/t5/Using-Box-Sync/Marking-Content-for-Box-Sync/ta-p/20360](https://community.box.com/t5/Using-Box-Sync/Marking-Content-for-Box-Sync/ta-p/20360).

Control the content you that is synced to your local Box Sync folder by marking content in your Box.com account. A folder that is marked for Sync displays a blue check mark icon beside its name.



*See also* "Marking Content Available Offline" *available at*

[https://community.box.com/t5/Getting-Started-with-Box-Drive/Making-Content-Available-Offline/ta-p/58822](https://community.box.com/t5/Getting-Started-with-Box-Drive/Making-Content-Available-Offline/ta-p/58822).

With Box Drive's Mark for Offline feature, your Box cloud content is available wherever you are - in a remote office, traveling on a plane, and so on - regardless of internet connectivity. Just select the Box folders you need access to, and Box Drive automatically downloads all of the folder contents to your computer. If you or someone else make changes to this content while you're offline, Box Drive automatically uploads the revised content when you are back online so you are always working with the most up-to-date versions of your files.

53.     Box has had knowledge of the '581 Patent and its infringement since at least the filing of the original Complaint in this action, or shortly thereafter, including by way of this lawsuit. By the time of trial, Box will have known and intended (since receiving such notice) that its continued actions would actively induce and contribute to the infringement of the claims of the ''581 Patent.

54.     Box's affirmative acts of making, using, selling, offering for sale, and/or importing the Accused Instrumentalities have induced and continue to induce users of the Accused Instrumentalities to use the Accused Instrumentalities in their normal and customary way to infringe the claims of the '581 Patent. Use of the Accused

Instrumentalities in their ordinary and customary fashion results in infringement of the claims of the '581 Patent.

55.     For example, Box explains to customers the benefits of using the Accused Instrumentalities, such as by touting their advantages of saving space on hard drives and maintaining access to stored files without using hard drive space in the case of the Box feature named "Box Sync" or "Box Drive" (e.g., "Access billions of files from the comfort of your desktop without needing to take up much of your actual hard drive space.  Work with these files in the cloud just as if they were on your desktop through your Apple Mac Finder or your Windows Explorer."  *See* "About Box Drive" *available at* https://community.box.com/t5/Getting-Started-with-Box-Drive/About-Box-Drive/ta-p/53642).  Box also induces its customers to use the Accused Instrumentalities to infringe other claims of the '581 Patent. Box specifically intended and was aware that the normal and customary use of the Accused Instrumentalities on compatible systems would infringe the '581 Patent. Box performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '581 Patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement.  On information and belief, Box is engaged in such inducement to promote the sales of the Accused Instrumentalities, *e.g.,* through its user manuals, product support, marketing materials, demonstrations, installation support, and training materials to actively induce the users of the accused products to infringe the '581 Patent. Accordingly, Box has induced and continues to induce end users of the accused products to use the accused products in their ordinary and customary way with compatible systems to make and/or use systems infringing the '581 Patent, knowing that such use of the

Accused Instrumentalities with compatible systems will result in infringement of the '581 Patent. Accordingly, Box has been (since at least as of filing of the original complaint), and currently is, inducing infringement of the '581 Patent, in violation of 35 U.S.C. § 271(b).

56.     Box has also infringed, and continues to infringe, claims of the '581 Patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Instrumentalities, which are used in practicing the process, or using the systems, of the '581 Patent, and constitute a material part of the invention. Defendant knows the components in the Accused Instrumentalities to be especially made or especially adapted for use in infringement of the '581 Patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. For example, the ordinary way of using the Accused Instrumentalities infringes the patent claims, and as such, is especially adapted for use in infringement. Accordingly, Box has been, and currently is, contributorily infringing the '581 Patent, in violation of 35 U.S.C. § 271(c).

57.     For similar reasons, Box also infringes the '581 Patent by supplying or causing to be supplied in or from the United States all or a substantial portion of the components of the Accused Instrumentalities, where such components are uncombined in whole or in part, in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the '581 Patent if such combination occurred within the United States. For example, Box supplies or causes to be supplied in or from the United States all or a substantial portion of the hardware (e.g., storage and metadata servers) and software (e.g., Box Sync, Box Drive software) components of the Accused Instrumentalities in such a manner as to actively

induce the combination of such components (e.g., by instructing users to rely on multiple servers that save redundant copies of metadata and content in a typical Box system) outside of the United States.

58.     Box also indirectly infringes the '581 Patent by supplying or causing to be supplied in or from the United States components of the Accused Instrumentalities that are especially made or especially adapted for use in infringing the '581 Patent and are not a staple article or commodity of commerce suitable for substantial non-infringing use, and where such components are uncombined in whole or in part, knowing that such components are so made or adapted and intending that such components are combined outside of the United States in a manner that would infringe the '581 Patent if such combination occurred within the United States. Because the Accused Instrumentalities are designed to operate as the claimed system and apparatus, the Accused Instrumentalities have no substantial non-infringing uses, and any other uses would be unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental. For example, Box supplies or causes to be supplied in or from the United States all or a substantial portion of the hardware (e.g., separate storage and metadata servers) and software (e.g., Box Sync, Box Drive software) components that are especially made or especially adapted for use in the Accused Instrumentalities, where such hardware and software components are not staple articles or commodities of commerce suitable for substantial noninfringing use, knowing that such components are so made or adapted and intending that such components are combined outside of the United States, as evidenced by Box's own actions or instructions to users and enabling and configuring the infringing functionalities of the Accused Instrumentalities.

59.     As a result of Defendant's infringement of the '581 Patent, Plaintiff Data Scape is entitled to monetary damages in an amount adequate to compensate for Box's infringement, but in no event less than a reasonable royalty for the use made of the invention by Box, together with interest and costs as fixed by the Court.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 9,715,893

60.     Data Scape is the owner by assignment of United States Patent No. 9,715,893 ("the '893 Patent"), entitled "Recording Apparatus, Server Apparatus, Recording Method, Program and Storage Medium." The '893 Patent was duly and legally issued by the United States Patent and Trademark Office on July 25, 2017. A true and correct copy of the '893 Patent is included as Exhibit D.

61.     Box has offered for sale, sold and/or imported into the United States products and services that infringe the '893 patent, and continues to do so.  By way of illustrative example, these infringing products and services include, without limitation, Defendant's products and services, *e.g.*, Box services, including Box Platform, Box for Business, Box for Individuals & Teams, Box Sync, Box Drive, and all versions and variations thereof since the issuance of the '893 Patent ("Accused Instrumentalities").

62.     Box has directly infringed and continues to infringe the '893 Patent, for example, by making, selling, offering for sale, and/or importing the Accused Instrumentalities, and through its own use and testing of the Accused Instrumentalities. Box uses the Accused Instrumentalities for its own internal non-testing business purposes, while testing the Accused Instrumentalities, and while providing technical support and repair services for the Accused Instrumentalities to its customers.

63.     For example, the Accused Instrumentalities infringe Claim 1 (as well as other claims) of the '893 Patent. One non-limiting example of the Accused Instrumentalities' infringement is presented below:

64.     The Accused Instrumentalities include "[a] non-transitory computer-readable storage medium storing instructions which, when executed by a computer, cause the computer to perform a method of an information processing apparatus for transferring data." Box includes instructions for transferring data from Box storage servers to a user device with the Box app installed. *See* Box Sync" *available at* https://community.box.com/t5/Using-Box-Sync/Installing-Box-Sync/ta-p/85

> Box Sync is a productivity tool that allows you to mirror data stored on Box to your desktop. You can then navigate and modify content stored on the Box website through your computer's native file browsing interface, without using a web browser. Content that syncs down to your computer is available for offline access, and if you make changes to the synced files locally, these changes automatically sync back up to your Box account.

*See also* "Install Box Sync for Windows" *available at* https://uit.stanford.edu/service/box/windows_sync.



65.    The Accused Instrumentalities include instructions for "automatically reading first management data from a first storage medium, the first management data identifying files of source data stored on the first storage medium." For example, Box stores metadata about files (such as the date and time a file was last changed) and acts as an index for data stored in user accounts.  *See* "Install Box Sync for Windows" *available at* https://uit.stanford.edu/service/box/windows_sync.

Box Sync is a utility that you download . It replicates folders within your Box account to your computer. Once you have selected folders through the Box web interface that you would like to replicate, you can create, edit, and delete documents directly through a **Box Sync** folder on your computer using your native applications (such as Microsoft Word or Excel). All changes automatically sync back to your online Box account.



3. A banner message briefly displays when the sync is complete.



*See also* "Marking Content for Box Sync" *available at*
https://community.box.com/t5/Using-Box-Sync/Marking-Content-for-Box-Sync/ta-p/20360.

Control the content you that is synced to your local Box Sync folder by marking content in your Box.com account. A folder that is marked for Sync displays a blue check mark icon beside its name.



*See also* "Marking Content Available Offline" *available at*

https://community.box.com/t5/Getting-Started-with-Box-Drive/Making-Content-Available-Offline/ta-p/58822.

**Collaborating with another person?**

Box uploads changes as they're saved. However, collaborators cannot see each others' revisions in real-time -- that is, not until after each of you have saved and exited the file and Box Drive syncs all changes. This is true regardless of whether you are working while connected or offline. However, in this case the possibility exists for two collaborators to save conflicting changes on the same file. By way of illustration: if you go back online first, Box uploads and saves your revised file as a new version. When your collaborator goes back online, Box uploads her revised file, but saves it as a separate version. If necessary, you both must then decide which revision to keep and which to discard.

66.     The Accused Instrumentalities include instructions for "automatically identifying, by the computer, one of the files of source data based on the first management data and second management data, the second management data identifying files of transferred data stored on a second storage medium, the one of the files of source data being absent from the second storage medium." For example, if a change to a stored file occurs or if a new file is created anywhere in the Box system, informs linked devices of the change. *See* "Install Box Sync for Windows" *available at* https://uit.stanford.edu/service/box/windows_sync.

Box Sync is a utility that you download . It replicates folders within your Box account to your computer. Once you have selected folders through the Box web interface that you would like to replicate, you can create, edit, and delete documents directly through a **Box Sync** folder on your computer using your native applications (such as Microsoft Word or Excel). All changes automatically sync back to your online Box account.



3. A banner message briefly displays when the sync is complete.



*See also* "Marking Content for Box Sync" *available at*

https://community.box.com/t5/Using-Box-Sync/Marking-Content-for-Box-Sync/ta-p/20360.

Control the content you that is synced to your local Box Sync folder by marking content in your Box.com account. A folder that is marked for Sync displays a blue check mark icon beside its name.



*See also* "Marking Content Available Offline" *available at*

https://community.box.com/t5/Getting-Started-with-Box-Drive/Making-Content-Available-Offline/ta-p/58822.

**Collaborating with another person?**

Box uploads changes as they're saved. However, collaborators cannot see each others' revisions in real-time -- that is, not until after each of you have saved and exited the file and Box Drive syncs all changes. This is true regardless of whether you are working while connected or offline. However, in this case the possibility exists for two collaborators to save conflicting changes on the same file. By way of illustration: if you go back online first, Box uploads and saves your revised file as a version. When your collaborator goes back online, Box uploads her revised file, but saves it as a separate version. If necessary, you both must then decide which revision to keep and which to discard.

     67.     The Accused Instrumentalities include instructions for "automatically transferring the one of the files of source data to the second storage medium, the one of the files of source data being transferred becoming one of the files of transferred data." For example, Box will automatically update linked devices when shared files are added, changed, or deleted elsewhere in the Box system. *See also* "Install Box Sync for Windows" *available at* https://uit.stanford.edu/service/box/windows_sync.

5. When you add or change content to synced folders in your Box account, the changes are automatically saved to your Box folders on your computer. To see your synced folders in Box, click the downward arrow/Synced in the left panel.



*See* "Installing Box Sync" *available at* https://community.box.com/t5/Using-Box-Sync/Installing-Box-Sync/ta-p/85.

Box Sync is a productivity tool that allows you to mirror data stored on Box to your desktop. You can then navigate and modify content stored on the Box website through your computer's native file browsing interface, without using a web browser. Content that syncs down to your computer is available for offline access, and if you make changes to the synced files locally, these changes automatically sync back up to your Box account.

*See also* "Install Box Sync for Windows" *available at* https://uit.stanford.edu/service/box/windows_sync.

Box Sync is a utility that you download . It replicates folders within your Box account to your computer. Once you have selected folders through the Box web interface that you would like to replicate, you can create, edit, and delete documents directly through a **Box Sync** folder on your computer using your native applications (such as Microsoft Word or Excel). All changes automatically sync back to your online Box account.



68. The Accused Instrumentalities include instructions for "automatically displaying transferring status of the one of the files of source data by a symbolic figure." For example, Box automatically displays status icons for the status of a sync operation. *See* "Using Box Drive Basics" *available at* https://community.box.com/t5/Getting-Started-with-Box-Drive/Using-Box-Drive-Basics/ta-p/53641.



*See also* "Install Box Sync for Windows" *available at*

https://uit.stanford.edu/service/box/windows_sync

3. A banner message briefly displays when the sync is complete.



69.     Box has had knowledge of the '893 Patent and its infringement since at least the filing of the original Complaint in this action, or shortly thereafter, including by way of this lawsuit. By the time of trial, Box will have known and intended (since receiving such notice) that its continued actions would actively induce and contribute to the infringement of the claims of the '893 Patent.

70.     Box's affirmative acts of making, using, selling, offering for sale, and/or importing the Accused Instrumentalities have induced and continue to induce users of the Accused Instrumentalities to use the Accused Instrumentalities in their normal and customary way to infringe the claims of the '893 Patent. Use of the Accused Instrumentalities in their ordinary and customary fashion results in infringement of the claims of the '893 Patent.

71.     For example, Box explains to customers the benefits of using the Accused Instrumentalities, such as by touting their advantages of replicating data among multiple devices. Box also induces its customers to use the Accused Instrumentalities to infringe

other claims of the '893 Patent. Box specifically intended and was aware that the normal and customary use of the Accused Instrumentalities on compatible systems would infringe the '893 Patent. Box performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '893 Patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement.  On information and belief, Box is engaged in such inducement to promote the sales of the Accused Instrumentalities, *e.g.,* through its user manuals, product support, marketing materials, demonstrations, installation support, and training materials to actively induce the users of the accused products to infringe the '893 Patent. Accordingly, Box has induced and continues to induce end users of the accused products to use the accused products in their ordinary and customary way with compatible systems to make and/or use systems infringing the '893 Patent, knowing that such use of the Accused Instrumentalities with compatible systems will result in infringement of the '893 Patent. Accordingly, Box has been (since at least as of filing of the original complaint), and currently is, inducing infringement of the '893 Patent, in violation of 35 U.S.C. § 271(b).

72.     Box has also infringed, and continues to infringe, claims of the '893 Patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Instrumentalities, which are used in practicing the process, or using the systems, of the '893 Patent, and constitute a material part of the invention. Defendant knows the components in the Accused Instrumentalities to be especially made or especially adapted for use in infringement of the '893 Patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. For example,

the ordinary way of using the Accused Instrumentalities infringes the patent claims, and as such, is especially adapted for use in infringement. Accordingly, Box has been, and currently is, contributorily infringing the '893 Patent, in violation of 35 U.S.C. § 271(c).

73.     For similar reasons, Box also infringes the '893 Patent by supplying or causing to be supplied in or from the United States all or a substantial portion of the components of the Accused Instrumentalities, where such components are uncombined in whole or in part, in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the '893 Patent if such combination occurred within the United States. For example, Box supplies or causes to be supplied in or from the United States all or a substantial portion of the hardware (e.g., storage and metadata servers) and software (e.g., Box Sync, Box Drive software) components of the Accused Instrumentalities in such a manner as to actively induce the combination of such components (e.g., by instructing users to rely on multiple servers that save redundant copies of metadata and content in a typical Box system) outside of the United States.

74.     Box also indirectly infringes the '893 Patent by supplying or causing to be supplied in or from the United States components of the Accused Instrumentalities that are especially made or especially adapted for use in infringing the '893 Patent and are not a staple article or commodity of commerce suitable for substantial non-infringing use, and where such components are uncombined in whole or in part, knowing that such components are so made or adapted and intending that such components are combined outside of the United States in a manner that would infringe the '893 Patent if such combination occurred within the United States. Because the Accused Instrumentalities

are designed to operate as the claimed system and apparatus, the Accused Instrumentalities have no substantial non-infringing uses, and any other uses would be unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental. For example, Box supplies or causes to be supplied in or from the United States all or a substantial portion of the hardware (e.g., separate storage and metadata servers) and software (e.g., Box Sync, Box Drive software) components that are especially made or especially adapted for use in the Accused Instrumentalities, where such hardware and software components are not staple articles or commodities of commerce suitable for substantial noninfringing use, knowing that such components are so made or adapted and intending that such components are combined outside of the United States, as evidenced by Box's own actions or instructions to users, and enabling and configuring the infringing functionalities of the Accused Instrumentalities.

75.     As a result of Defendant's infringement of the '893 Patent, Plaintiff Data Scape is entitled to monetary damages in an amount adequate to compensate for Box's infringement, but in no event less than a reasonable royalty for the use made of the invention by Box, together with interest and costs as fixed by the Court.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Data Scape respectfully requests that this Court enter:

a.      A judgment in favor of Plaintiff that Box has infringed, either literally and/or under the doctrine of equivalents, the '581 Patent, '929 Patent, the '537 Patent, and the '893 Patent (collectively, "asserted patents");

b.      A permanent injunction prohibiting Box from further acts of infringement of the asserted patents;

c.      A judgment and order requiring Box to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for its infringement of the asserted patents, as provided under 35 U.S.C. § 284;

d.      A judgment and order requiring Box to provide an accounting and to pay supplemental damages to Data Scape, including without limitation, prejudgment and post-judgment interest;

e.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Box; and

f.      Any and all other relief as the Court may deem appropriate and just under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated:  January 25, 2019                     Respectfully submitted,


/s/_____
Marc A. Fenster (CA SBN 181067)
Reza Mirzaie (CA SBN 246953)
Brian D. Ledahl (CA SBN 186579)
Paul Kroeger (CA SBN 229074)
C. Jay Chung (CA SBN 252794)
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
(310) 826-7474
mfenster@raklaw.com
rmirzaie@raklaw.com
bledahl@raklaw.com

pkroeger@raklaw.com
jchung@raklaw.com


Robert M. O'Boyle (TX SBN 15165425)
**CLARK HILL STRASBURGER**
720 Brazos Street, Suite 700
Austin, TX 78701
(512) 499-3600
bob.oboyle@clarkhillstrasburger.com


*Attorneys for Plaintiff Data Scape Limited*